UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                  :
**UNITED STATES OF AMERICA**,                                     :
                                                                  :    **MEMORANDUM DECISION AND**
                – against –                                       :    **ORDER**
                                                                  :
                                                                  :    20-CR-216 (AMD)
**LAMEL MILLER**,                                                 :
                                                                  :
                              Defendant.                          :
---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

The defendant was convicted of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), and possessing and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).  (ECF No. 215 at 1–2.)[1]  On July 13, 2023, the Court sentenced him to 24 months' imprisonment on the Hobbs Act counts and a consecutive 84-month term of imprisonment on the firearm count, as well as $284,866.00 in restitution and a $300 special assessment.  (*ECF Minute Entry dated July 13, 2023*.)  Before the Court is the defendant's *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling" circumstances:  (1) his "unjust or unfair" sentence, (2) his health and lack of access to medical care, (3) the risk of contracting COVID-19, (4) his family circumstances, and (5) the risk of physical and sexual abuse at United States Penitentiary, Hazelton ("USP Hazelton"), where he is currently incarcerated.  (ECF No. 243.)  The government responds that the defendant has not exhausted his administrative remedies, that he has not established extraordinary and compelling circumstances,

---

[1] As discussed below, the defendant pled guilty to Counts One and Two on September 29, 2022.  (*ECF Minute Entry dated Sept. 29, 2022.*)  On October 21, 2022, he was convicted on Count Three after a jury trial.  (*ECF Minute Entry dated Oct. 21, 2022*; ECF No. 168 at 2.)

and that the 18 U.S.C. § 3553(a) factors mitigate against reducing the defendant's sentence.

(ECF No. 245.)  As explained below, the Court denies the motion.

## BACKGROUND

On March 7, 2020, the defendant and two co-conspirators committed a gunpoint robbery at Aqueduct Racetrack.  (ECF No. 186 ¶ 10.)  One of his co-conspirators, a security guard, arranged to let the defendant and the other conspirator into the building.  (*Id.* ¶¶ 8–9.)  As the security guard escorted the employees to deposit the day's proceeds — more than $284,000 — the defendant and the other conspirator held them at gunpoint and stole the money.  (*Id.* ¶¶ 10–14.)  On September 29, 2022, the defendant pled guilty to Hobbs Act robbery and conspiracy to commit Hobbs Act robbery, (*ECF Minute Entry dated Sept. 29, 2022*), but he went to trial on the firearm count, and he was convicted on October 21, 2022, (*ECF Minute Entry dated Oct. 21, 2022*; ECF No. 168 at 2).  At the sentencing on July 13, 2023, the Court determined that the applicable range under the United States Sentencing Guidelines was 51 to 63 months for the Hobbs Act counts.  (Sentencing Tr. ("S.") 17:18–18:3.)  Under 18 U.S.C. § 924(c)(1)(A), the Court was required to impose an 84-month consecutive sentence on the firearm count.  (S. 40:1-3.)

In considering the 3553(a) factors, the Court considered the seriousness of the defendant's crime, which was not a crime of impulse.  On the contrary, the defendant and his co-conspirators planned and executed a violent robbery, terrorizing their victims.  (S. 35:9–36:10; ECF No. 186 ¶¶ 10–13.)  The Court also considered the defendant's criminal history, which included a conviction for kidnapping and robbery; in that case, the defendant and others trapped the victim in a van at gunpoint, beat and robbed him, then left him bound with duct tape.  (S. 35:1-8; ECF No. 186 ¶ 66.).  There were also mitigating factors, which the Court considered.  In

particular, the defendant made efforts to better himself while he was incarcerated; he took classes and prepared to take the GED test. (S. 37:19–39:3.) Other inmates wrote letters attesting to the defendant's kindness and support. (S. 37:4-18.). The Court also considered the "often horrific and inhumane" conditions at the Metropolitan Detention Center Brooklyn (the "MDC"). (S. 38:1-11.) After considering all the circumstances, the Court sentenced the defendant to a below-Guidelines sentence: concurrent two-year sentences for the Hobbs Act counts and the mandatory consecutive seven-year sentence for the firearm count — a total of nine years. (S. 39:23–40:15.)

## LEGAL STANDARD

Under 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), a criminal defendant can move for "modification" of an imposed term of imprisonment. To qualify for this relief, the defendant must show that (1) he "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[;]" (2) that "extraordinary and compelling reasons" warrant a reduction; (3) that these reasons outweigh the Section 3553(a) factors; and (4) that "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Thrower*, 495 F. Supp. 3d 132, 136–37 (E.D.N.Y. 2020).

The defendant must prove that "extraordinary and compelling reasons" justify a reduction of his sentence. *United States v. Andrews*, 705 F. Supp. 3d 142, 147 (S.D.N.Y. 2023); *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). In making its determination, the district court may "consider the full slate of extraordinary and

3

compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020); *United States v. Fernandez*, 104 F.4th 420, 246–427 (2d Cir. 2024) (discussing the legal standard for motions to reduce a term of imprisonment). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13(e). Rather, "[t]he only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" *Brooker*, 976 F.3d at 238 (quoting 28 U.S.C. § 994(t)).

## DISCUSSION

### I. Failure to Exhaust Administrative Remedies

As an initial matter, it is not clear that the defendant meant to file his motion with the Court. In his letter, which is addressed to the warden of USP Hazelton, he asks the warden to "file a motion for a reduction of sentence on his behalf." (ECF No. 243 at 1, 6.) The Bureau of Prisons ("BOP") has no record of receiving the letter. (ECF No. 245 at 3–4.) Accordingly, the defendant has not "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or waited "30 days from the receipt of such a request by the warden of the defendant's facility" as 18 U.S.C. § 3582(c)(1)(A) requires. Nevertheless, under the circumstances, the Court considers his motion on the merits.

### II. Extraordinary and Compelling Circumstances

The defendant cites five reasons to support his motion: (1) his "unjust or unfair" sentence, (2) his health and lack of access to medical care, (3) the risk of contracting COVID-19, (4) his family circumstances, and (5) the risk of physical and sexual abuse in USP Hazelton. (ECF No. 243.) These reasons do not justify early release.

4

### a.    The Sentence

Citing *Erlinger v. United States*, 602 U.S. 821 (2024), the defendant maintains that his sentence is "unjust or unfair" because the jury did not make factual findings to justify increasing his sentence.  (ECF No. 243 at 5–6.)  *Erlinger* reaffirmed existing Supreme Court precedent that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum" must be found by a jury, unanimously and beyond a reasonable doubt.  *Erlinger*, 602 U.S. at 835, 843–45 (quoting *Apprendi v. New Jersey*, 530 U.S. 446, 490 (2000)).

The defendant does not identify the necessary facts that he claims the jury did not find, nor can the Court discern any.  He was convicted of conspiracy and substantive Hobbs Act robbery, each of which carry a sentence of up to 20 years in prison.  (ECF No. 186 at 3 (citing 18 U.S.C. § 1951(a)).)  He was also convicted of violating 18 U.S.C. § 924(c)(1)(A) by brandishing a firearm during a crime of violence.  (*Id.*)  The Section 924(c) conviction increased the penalty that the defendant faced, because, by law, his sentence on that count had to be consecutive to the Hobbs Act counts.  18 U.S.C. § 924(c)(1)(A)(ii).  Thus, the jury had to find that the defendant brandished a firearm during a crime of violence — in this case, the robbery.  The jury concluded that the defendant did, and confirmed that finding on the verdict sheet, which included this question: "Do you find that the government proved beyond a reasonable doubt that a firearm was brandished in connection with the robbery charged in Count Two?"  (ECF No. 168 at 2.)[2]  The jury checked the box for "Yes."  (*Id.*)  Thus, there was no *Erlinger* violation.

The defendant also argues that "no complainant, litigant or plaintiff ever proved how his alleged illegal/criminal conduct injured the complainant, litigant or plaintiff in his or her personal

---

[2] The Second Circuit has held that Hobbs Act robbery constitutes a crime of violence within the meaning of 18 U.S.C. § 924. *United States v. Hill*, 890 F.3d 51, 56–60 (2d Cir. 2018).

and individual capacity." (ECF No. 243 at 6.)  But injuring a "complainant, litigant or plaintiff" is not an element of any of the crimes for which the defendant was convicted.  *See* 18 U.S.C. § 1951(a); 18 U.S.C. § 924(c)(1)(A).  Rather, as the Court instructed the jury, the relevant element of Hobbs Act robbery is "that the property was taken against the will of this individual or any other individual, by means of actual or threatened force, violence or fear of injury." (ECF No. 167 at 24.)  Accordingly, the defendant's sentence was not unjust or unfair.  Indeed, the sentence on the Hobbs Act counts was 24 months, significantly below the Guideline sentence of 51 to 63 months.  (S. 17:18–18:3, 39:23–40:15.)  The Court was required by law to impose a consecutive sentence on the gun charge and imposed the minimum sentence of seven years.  (S. 40:1–3.)

### b. Defendant's Health Concerns

The defendant also asks the Court to reduce his sentence because of his medical conditions — obesity, high blood pressure, and diabetes.  (ECF No. 243 at 2.)  According to the Sentencing Commission's policy statement, a defendant's medical circumstances may constitute extraordinary and compelling reasons if (1) the defendant is suffering from a "terminal illness," U.S.S.G. § 1B1.13(b)(1)(A); (2) the defendant is suffering from a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," U.S.S.G. § 1B1.13(b)(1)(B); or (3) the defendant "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death," U.S.S.G. § 1B1.13(b)(1)(C). Applying these standards, courts regularly find medical conditions are not "extraordinarily compelling" if a defendant's "condition is stable and has been effectively managed by routine

6

monitoring and medication." *United States v. Mood*, No. 19-CR-113, 2020 WL 3256333, at *1 (S.D.N.Y. June 16, 2020); *see also United States v. Bradley*, No. 19-CR-632, 2023 WL 3004660, at *2 (S.D.N.Y. Apr. 19, 2023) (concluding that a defendant's health conditions did not support early release where "health records indicate that the BOP is monitoring and managing his health conditions in an adequate manner").

The defendant asserts that he needs "long-term or specialized care" and is not getting it. (ECF No. 243 at 2.) When the Probation Department interviewed the defendant for the Presentence Report, the defendant said that he had diabetes, high blood pressure, and high cholesterol, and took medication to manage them. (ECF No. 186 ¶ 93.)[3] He does not explain whether his conditions have changed since then, whether medication is no longer an adequate treatment option, or why the BOP is not giving him the appropriate care. Thus, the defendant has not established that his health is an "extraordinarily and compelling" reason to reduce his sentence.

### c. Risk of Contracting COVID-19

The defendant argues that he is at "imminent risk of an ongoing infections disease outbreak or public health emergency" and he is at greater risk of severe health complications or death because of his pre-existing conditions. (ECF No. 243 at 3.) Since the incidence of COVID-19 infections has declined, "[c]ourts in this Circuit have repeatedly held that a Defendant's elevated risk of developing COVID-19 symptoms is insufficient to justify compassionate release." *Bradley*, 2023 WL 3004660, at *2 (collecting cases); *see also United States v. Johnson*, 671 F. Supp. 3d 265, 280 (E.D.N.Y. 2023) ("Since the decline of COVID-19 cases and proliferation of vaccines, courts in this Circuit have generally rejected compassionate

---

[3] The defendant could not recall the names of the medications. (ECF No. 186 ¶ 93.)

release motions based on the threat posed by the virus, asserting that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors." (citation modified)).  Accordingly, the risk that the defendant might contract COVID-19 is not a compelling reason to grant compassionate release.

    **d.**       **Family Circumstances**

The defendant also argues that his sentence should be reduced because "his minor daughter is in need of his care" and "as the father it is his responsibility to provide care to his minor daughter."  (ECF No. 243 at 4.)  According to U.S.S.G. 1B1.13(b)(3)(A), a defendant's family situation may constitute extraordinary compelling circumstances in the event of "[t]he death or incapacitation of the caregiver of the defendant's minor child."  U.S.S.G. § 1B1.13(b)(3)(A).  When the defendant was sentenced, his daughter lived with her mother, who advised the probation officer that "she has always provided much of the care for their daughter on her own."  (ECF No. 186 ¶ 89.)  The defendant does not suggest that anything has changed since he was sentenced or say that that his daughter's mother can no longer care for her.  Accordingly, the defendant has not established that his family situation is an extraordinary and compelling reason for his release.

    **e.**       **Concerns of Sexual or Physical Abuse**

Finally, the defendant argues that a "culture" of sexual and physical abuse exists within the BOP, including USP Hazelton, so "it is only a matter of time" until he "finds himself a victim" of such abuse.  (ECF No. 243 at 4–5.)  The Sentencing Commission's policy statement provides that sexual or physical abuse by BOP personnel warrants release only if the misconduct is "established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or

the defendant is in imminent danger." U.S.S.G. § 1B1.13(b)(4).  The defendant's claim is based entirely on speculation and is not a reason to grant compassionate release.

### III.    3553(a) Factors

Even if there were extraordinarily compelling circumstances, the Section 3553(a) factors weigh against release.  *See United States v. Ebbers*, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020) (The court should "assess whether [the Section 3553(a)] factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence.").  The defendant, who had a criminal history that included violent crime, robbed two victims at gunpoint, and stole more than $280,000.  (ECF No. 186 ¶¶ 10–13, 66.)  As noted above, despite those circumstances, the sentence the Court imposed — a total of nine years — was significantly shorter than the Guidelines sentence.  At this point, the defendant has served only six years of that sentence.  Early release would "disserve the interests embodied in the Court's original sentencing determination — most significantly, the need for the sentence imposed to reflect the need for just punishment."  *United States v. Harris*, No. 15-CR-445, 2020 WL 5801051, at *4 (S.D.N.Y. Sept. 29, 2020); *see also United States v. Lucas*, No. 22-CR-290, 2024 WL 3718658, at *3 (E.D.N.Y. Aug. 8, 2024) (denying motion for reduction in sentence in part because the original sentence was "necessary to deter future criminal conduct and protect the public from further crimes" given the defendant's criminal history); *United States v. Romero*, No. 15-CR-445, 2020 WL 2490027, at *1–2 (S.D.N.Y. May 14, 2020) (denying compassionate release for active gang member who had engaged in shootings and had served "approximately 54 months of his significantly below-guidelines sentence of 78 months' incarceration").

**CONCLUSION**

For the reasons set forth above, the Court denies the defendant's motion for reduction of his sentence pursuant to 18 U.S.C § 3582(c)(1).

**SO ORDERED.**

s/Ann M. Donnelly

_____
ANN M. DONNELLY
United States District Judge

Dated:  Brooklyn, New York
        May 7, 2026